In Re:

DISCIPLINARY COUNSEL : Case No. 96–283

        RELATOR, :

V. :

DEBORAH P. O'NEILL :

        RESPONDENT. : **ORDER**

In Re:

DISCIPLINARY COUNSEL : Case No. 96–283

        RELATOR, :

V. :

DEBORAH P. O'NEILL :

        RESPONDENT. : **ENTRY AND DECISION**

This matter comes before the Commission on the motion of Respondent Deborah P. O'Neill for the Commission to impose sanctions on Disciplinary Counsel. Sanctions she seeks include disqualifying Geoffrey Stern as "acting Relator" in this proceeding and removing Samuel Weiner as Special Counsel. She asserts such sanctions will be appropriate upon the Commission's finding that the rules governing the investigation and bringing of a complaint against her have been or will be violated. The Commission has been fully advised having reviewed the motion, memoranda, rules, and applicable law.

In connection with the motion, Judge O'Neill contends first that the appointment of Mr. Weiner as Special Counsel is improper for several reasons. Judge O'Neill argues that the rules make no provision for appointment of Special Counsel and that it was unauthorized.

There is no specific authorization for the appointment of Special Counsel, nor is there a bar to appointment of Special Counsel. Gov.Bar R. V, Section 3(B)(2) provides:

"Assistant Disciplinary Counsel and staff in the Office of Disciplinary Counsel shall serve at the pleasure of the Disciplinary Counsel. The Disciplinary Counsel may appoint assistants as necessary who shall be attorneys admitted to the practice of law in Ohio and who shall not engage in the private practice of law while serving in that capacity. The Disciplinary Counsel shall *appoint staff as required to satisfactorily fulfill the duties of the Office of Disciplinary Counsel.*" (Emphasis added.)

Gov.Bar R. V, Section 4(E) allows Disciplinary Counsel to hire "an independent

investigator, auditor, examiner, assessor, or other expert." While not provided specifically, these two sections, especially the language allowing the appointment of "staff" and "experts" support the appointment of Special Counsel.

Respondent further notes that Gov.Bar R. V, Section 3(B)(2), which permits the employment of an assistant disciplinary counsel, precludes such counsel from engaging in the private practice of law while serving in that capacity. Judge O'Neill notes that Mr. Weiner is in private practice at the same time he is serving as Special Counsel. Judge O'Neill further notes that although Disciplinary Counsel or employees of the Board may not contribute to a judicial campaign, Mr. Weiner contributed to the campaign committee of judges running for the position of Franklin County Common Pleas Court prior to his appointment as Special Counsel.

With respect to whether appointed special counsel can practice law, Gov.Bar R. V, Section 3(B)(2) clearly precludes attorneys who are employed as "assistant disciplinary counsel" in the Office of Disciplinary Counsel from engaging in private practice. There is no reference in this section with respect to Special Counsel. Traditionally, Special Counsel for governmental entities are individuals not presently employed in the appointing office but who are drafted from the "outside" because of specific needs or circumstances such as expertise or conflict of interest. The rule precluding private practice does not address Special Counsel. Whether a rule should exist which extends the rules of the Office of Disciplinary Counsel to Special Counsel is not for this Commission's determination.

The next issue is whether Mr. Weiner is precluded from serving as Special Counsel because of previous campaign contributions he made. Political contributions asserted here occurred prior to Mr. Weiner's appointment September 29, 1995 in the *Cicero* and *O'Neill* matters. There is no requirement that members of the Office of Disciplinary Counsel not have contributed previously to a campaign. While not asserted specifically, Judge O'Neill may contend that his previous contributions call into question his motives or impartiality (although he contributed to her campaign committee among others). Absent any prohibition against historic contributions, and given the adversary nature of the proceedings, the Commission need not further address this issue as it lacks any substantive validity.

Judge O'Neill also contends that Mr. Weiner's access to investigate information violated her privacy rights. Gov.Bar R. V, Section 11(E)(1) provides that "All proceedings and documents relating to review and investigation of grievances made under these rules shall be private" unless a stated exception applies, such as a waiver of privacy by the respondent or the respondent requests to make them public. The rules go on to incorporate several levels of restrictions on the release of information.

Once a complaint is certified to the Secretary of the Board, the complaint is "public," deliberations by the panel and Board are "confidential," and the Board's recommendations are "private" until filed with the Supreme Court. The ADR process the Board approves is "confidential," while the information a mediator or facilitator obtains while acting as such is "privileged." Gov.Bar R. V, Section (E)(2). There thus is a distinction among the classifications of "private," "confidential," "privileged," and "public."

"Private" is defined, not too helpfully, to mean,

" 'Private' acknowledges the right of the respondent to the right of privacy as to the proceedings relative to an uncertified complaint, which may be waived by the respondent * * *." Gov.Bar R. V, Section 11(E)(2)(c)(i).

The term "confidential" is defined as "acknowledges the oath of office of section 11(E)(3) of this rule" and acknowledges the necessity of confidentiality in deliberations, "such that deliberations cannot be disclosed or waived by anyone for any reason." *Id.* at (E)(2)(c)(ii). An oath to "protect the privacy of the proceedings, documents, and confidentiality of the deliberations, relating to those proceedings" is required prior to taking office. *Id.* at (E)(3). Absent a definition of "public," the Commission here applies its common meaning relevant here, "Open to the knowledge or judgment of all." American Heritage Dictionary, Second College Edition.

1438

Judge O'Neill does not assert that confidential deliberations were disclosed to Mr. Weiner. Nor does she assert that the Disciplinary Counsel placed in the public domain the information to which Mr. Weiner was privy. Rather, Judge O'Neill contends that because Mr. Weiner had it, the information was not "private." In light of the various levels of restrictions on disclosure, the Commission cannot conclude that a failure on the part of the Disciplinary Counsel to confine the information to his regular office personnel and not to Special Counsel is making the matter "public" or otherwise a disclosure which violates privacy requirements.

Respondent further asserts that the Office of Disciplinary Counsel made improper use of information obtained through her investigation. Judge O'Neill states that the Disciplinary Counsel improperly referenced in the *Cicero* matter a deposition she gave November 11, 1994 in connection with an investigation involving her. She asserts that an initial draft of the *Cicero* complaint included references to her deposition. Disciplinary Counsel states he removed these references from the complaint and that the initial draft was never made public. No evidence has been presented to the contrary. The deposition reference therefore was not made public and the information was not used.

Judge O'Neill further asserts that an unnamed assistant disciplinary counsel asked her to identify in the *Cicero* matter on September 11, 1995, a letter she received from Cicero in April of 1994, which she produced pursuant to the investigation in her case, which exhibit was then withdrawn. In connection with the reopened *Cicero* hearing, she states some reference was made to the letter. While there is a requirement that the proceedings be "private," Judge O'Neill does not assert that the contents of the letter were ever published. Consequently, there was not a violation of her privacy rights in this regard as contemplated by Gov.Bar R. V. Moreover, whether a member of the Office of the Disciplinary Counsel improperly attempted to use or did reference information in another proceeding and the extent to which disciplinary action should be taken against that attorney is not a matter for the consideration of this Commission.

Another prong of Judge O'Neill's argument that Mr. Weiner and the Disciplinary Counsel should be removed is that she probably will call Geoffrey Stern, Disciplinary Counsel, and James R. McMahon, investigator, as witnesses, at least in the discovery phase of these proceedings. She contends she may call Mr. Weiner as a witness to determine "whether the witnesses' prior conversations with Disciplinary Counsel are consistent with what they may testify to in these proceedings." Memorandum in Support of Motion at page 6.

There is no suggestion that Relator intends to present Geoffrey Stern or Mr. Weiner as a witness. The applicable disciplinary rule regarding an attorney who is also a witness is DR 5–102(B). This rule applies to the situation where an adverse party seeks to call opposing counsel as a witness. It provides that counsel may continue representation "until it is apparent that his testimony is or may be prejudicial to his client." From the material before the Commission at this juncture, it has no basis from which to conclude that if Mr. Weiner is called to testify, it is apparent that his testimony could be prejudicial to the Disciplinary Counsel. This argument is therefore without merit.

Apparently, as an aside, Judge O'Neill also asserts that the failure of Geoffrey Stern to take an active role in the *Cicero* proceedings, instead permitting his assistants to represent him, somehow casts a shadow on his position. This position is also without merit. The rules clearly anticipate that the Disciplinary Counsel will be represented through his or her assistants.

For the above stated reasons, the Commission finds that Respondent's motion for sanctions is not well taken and it is denied.

BY ORDER OF THE COMMISSION